UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEVON GROVES, )<br>)<br>    Petitioner )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent ) | <br><br><br><br>CAUSE NO. 3:11-CV-89 RM<br>(Arising out of 3:06-CR-69 RM) |

OPINION AND ORDER

Devon Groves was convicted of unlawful possession of a firearm and ammunition following a jury trial in 2007, and was sentenced to an aggregate term of 240-months. After his conviction was affirmed on appeal, and his petition for *certiorari* was denied, United States v. Groves, 559 F.3d 637 (7th Cir. 2009), *cert. denied*, 130 S.Ct. 1750 (Mar. 8, 2010), Mr. Groves filed a *pro se* petition under 28 U.S.C. § 2255, contending that his trial and appellate counsel provided ineffective assistance and asking the court to vacate his sentence and reconsider its ruling on his motion to suppress. On October 5, 2011, the court issued an opinion and order denying all but one of Mr. Groves's claims, and appointed counsel to represent Mr. Groves with respect to the remaining claim. [Doc. No. 160].[1] The court denied Mr. Groves's motion to reconsider the October 5 order on August 6, 2012 [Doc. No. 210], and denied his remaining claim on August 17

---

[1] All documents referenced in this opinion can be found in criminal Cause No. 3:06-CR-69.

following an evidentiary hearing [Doc. No. 211]. Mr. Groves's motion for a certificate of appealability and implied request for leave to proceed *in forma pauperis* on appeal [Doc. No. 216] currently pends before the court.

Issuance of a certificate of appealability requires the court to find that Mr. Groves has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Only one of the multiple claims asserted comes close to meeting that burden: Mr. Groves' claim that trial counsel was ineffective because he didn't challenge to the use of a 1995 burglary conviction at sentencing.[2]

When Mr. Groves was sentenced, the law provided that classification of a prior conviction depended upon "the facts contained in the charging document and the statutory definition of the charged offense," United States v. Hoults, 240 F.3d 647, 650 (7th Cir. 2001); United States v. McGee, 408 F.3d 966, 988 (7th Cir. 2005), and the information charged Mr. Groves with burglary of a dwelling — a crime of violence under § 4B1.2. Courts use a modified categorical approach

---

[2] Resolution of Mr. Groves one remaining claim turned on the credibility of the witnesses at the evidentiary hearing in August. The court credited the testimony of trial counsel over that of Mr. Groves, and found that:
> [Trial counsels'] [f]ailure to notify the government of a client's uncommunicated wish to accept a plea offer does not fall below an objective standard of reasonableness. Even if it did, Mr. Groves hasn't shown the prejudice required by Strickland because he hasn't persuaded the court that he actually would have pleaded guilty before the court.

[Doc. No. 211 at p. 15].

The court also rejected Mr. Groves' belated argument that Missouri v. Frye, 132 S. Ct. 1399 (2012) and Lafler v. Copper, 132 S. Ct. 1376 (2012) imposed a duty on trial counsel to discuss the possibility of a plea even if he insisted that he was innocent and wanted to go to trial. The argument was raised for the first time at the evidentiary hearing, and wasn't properly before the court. Even if it had been, the cases cited didn't "provid[e] support for the proposition that an attorney fails constitutional muster by not insisting on discussing plea bargaining with a client who demands trial." [Doc. No. 211 at pp. 15-20].

today, *see* United States v. Begay, 553 U.S. 137 (2008); James v. United States, 550 U.S. 192 (2007), and "are permitted to consult 'the terms of the charging document, the terms of a plea agreement or transcript of a colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information,' in order to determine what the defendant's prior conviction was for (*i.e.*, generic burglary or some lesser offense)," when a statute covers more than one offense. United States v. Woods, 576 F.3d 400, 404 (7th Cir. 2009) (quoting Shepard v. United States, 544 U.S. 13, 26 (2005)). The outcome remains the same under either approach.

The Guidelines define a crime of violence as "any offense under federal or state law" that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. U.S.S.G. § 4B1.2(a). *See* United States v. Angiano, 602 F.3d 828, 829 (7th Cir. 2010) ("The Guidelines Manual makes clear that enumerated offenses, such as burglary of a dwelling "are always classified as 'crimes of violence,' regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another.").

> Congress included burglary among the crimes of violence in the [Armed Career Criminal Act] because it thought that certain general categories of property claims…so often presented a risk of injury to persons, or were so often committed by career criminals, that they

3

case 3:11-cv-00089-RLM   document 3   filed 10/01/12   page 4 of 5

> should be included in the enhancement statute even though, considered solely in terms of their statutory elements, they do not necessarily involve the use of threat of force against a person.

United States v. Patterson, 576 F.3d 431, 442 (7th Cir. 2009). That the building in question was a dwelling was confirmed by certified court records obtained from the St. Joseph County Clerk's office and introduced at sentencing, including the information filed in St. Joseph Superior Court Cause No. 71D08 9508 CF00390, and the Order Waiving Jurisdiction Pursuant to I.C. 31-6-2-4(e) filed on August 29, 1995 in St. Joseph County Probate Court Cause No. 71J-01-9507 JD00571. The court concluded that the offense for which Mr. Groves was convicted in 1995 involved a "crime of violence" and conduct that presented a serious potential risk of physical injury to another within the meaning of U.S.S.G. § 4B1.2(a), and was properly considered in determining his base offense level under the law as it existed at sentencing; that Mr. Groves's objection to the calculation of his base offense level under 2K2.1(a)(2) was without merit; that the Sixth Amendment didn't require counsel to forecast changes or advances in the law, or "to press meritless arguments," Lilly v. Gilmore, 988 F.2d 783, 786 (7th Cir. 2001); *see also* Fuller v. United States, 398 F.3d at 652; and that Mr. Groves hadn't been denied effective assistance of counsel at sentencing, or provided any legal or evidentiary basis for reconsidering the court's October 5 opinion and order denying his claim. Mr. Groves hasn't made "a substantial showing of the denial of a constitutional right". Accordingly, the court denies his motion for a certificate of appealability.

4

The appointment of CJA counsel during previous proceedings doesn't automatically entitle Mr. Groves to proceed *in forma pauperis* on appeal. *See* FED. R. APPELLATE PROC. 24(a)(3)(A). On the other hand, the denial of a certificate of appealability doesn't automatically require the denial of a motion to proceed *in forma pauperis* because the standard for a certificate of appealability is more demanding than the standard for determining if an appeal is taken in good faith. Walker v. O'Brien, 216 F.3d 626, 631-632 (7th Cir. 2000).

To allow Mr. Groves to proceed on appeal *in forma pauperis*, the court must decide whether "a reasonable person could suppose that the appeal has some merit," Walker v. O'Brien, 216 F.3d at 632, which is to say whether the appeal is non-frivolous. *See* Lee v. Clinton, 209 F.3d 1025, 1027 (7th Cir. 2000). It's close, but the court finds that the appeal isn't entirely frivolous.

Accordingly, the court DENIES Mr. Groves' motion for a certificate of appealability [Doc. No. 216], but GRANTS his implied request to proceed *in forma pauperis* on appeal.

SO ORDERED.

ENTERED:   October 1, 2012

    /s/ Robert L. Miller, Jr.
Judge
United States District Court